IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(DALLAS DIVISION)

| | |
|---|---|
| TACTUS TECHNOLOGIES, LLC, § § Plaintiff, § § v. § § ONEPLUS TECHNOLOGY (SHENZHEN) CO. LTD., § § § ONEPLUS USA CORP., § § AND § § ONEPLUS MOBILE COMMUNICATIONS (GUANGDONG) CO., LTD. § § § § § § Defendants. | C.A. No. ____ JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Tactus Technologies, LLC ("Tactus" or "Plaintiff") files this Original Complaint against Defendants OnePlus Technology (Shenzhen) Co. Ltd. ("OnePlus Technology Shenzhen"), OnePlus USA Corp., ("OnePlus USA"), and OnePlus Mobile Communications (Guangdong) Co., Ltd. ("OnePlus Mobile") (collectively OnePlus Technology Shenzhen, OnePlus USA, and OnePlus Mobile are referred to as "Defendant" or "OnePlus") for infringement of U.S. Patent No. 9,696,847 ("the '847 patent" or "the patent-in-suit").

## THE PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business located at 312 W 8th Street, Dallas, TX 75208.

2. On information and belief, OnePlus Technology Shenzhen is a corporation organized under the laws of China, having a principal place of business at 18F Tairan Building, Block C, Tairan 3 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong 518040, China. OnePlus Technology Shenzhen can be served with process pursuant to the Texas Long Arm Statute. OnePlus Technology Shenzhen may also be served with process in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. OnePlus Technology Shenzhen does business in the State of Texas and in the Northern District of Texas.

3. On information and belief, OnePlus USA is a corporation organized under the laws of Nevada, having a place of business at 5000 Riverside Dr Ste 300, Irving, Tx, 75039-4314. OnePlus USA is a wholly-owned subsidiary of OnePlus Mobile. OnePlus USA may be served via its registered agent Legalinc Corporate Services, 1810 E Sahara Ave Ste 215, Las Vegas, NV, 89104.

4. On information and belief, OnePlus Mobile is a corporation organized under the laws of China, having a principal place of business at No. 9B, Zone SE2, 2/F, ChangRong International Hardware & Machinery Plaza, Zhen'an Zhong Road, Wusha Community, Changan Town, Dongguan City, Guangdong Province, China. On information and belief, OnePlus Technology Shenzhen is owned by OnePlus Mobile. OnePlus Mobile can be served with process pursuant to the Texas Long Arm Statute. OnePlus Mobile may also be served with process in China pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. OnePlus Mobile does business in the State of Texas and in the Northern District of Texas

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. With respect to OnePlus Technology Shenzhen, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). OnePlus Technology Shenzhen is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

8. With respect to OnePlus Mobile, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). OnePlus Mobile is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

9. With respect to OnePlus USA, venue is proper in this District under 28 U.S.C. § 1400(b). On information and belief, OnePlus USA has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District and has a regular and established place of business within the District. For example, OnePlus USA has offices at 5000 Riverside Dr Ste 300, Irving, Tx, 75039-4314.

10. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. For example, Defendant designs, develops, manufactures, assembles and markets smartphones that support the pattern lock feature and arranges for such phones to be offered for sale in this District.

11. This Court has personal jurisdiction over Defendant, directly or through intermediaries, including its wholly-owned subsidiaries, because it has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

12. On information and belief, Defendant has placed and continues to place infringing smartphones into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District.

13. On information and belief, Defendant has significant ties to, and presence in, the State of Texas and the Northern District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

14. The '847 patent is titled "User-Defined Gesture Enablement Protocols for Touch Input Device." The inventions claimed in the patent-in-suit generally relate to a new and novel user interface method for unlocking an electronic device, such as a smartphone, via a pattern.

15. The '847 patent lawfully issued on July 4, 2017, and stems from Application No. 15/056,015.

16. The named inventors on the patent-in-suit are Graham Roy Atkins and Ian Andrew Maxwell.

17. The patent-in-suit claims priority to U.S. Application No. 12/118,047, which was filed on May 9, 2008.

18. The technologies claimed in the patent-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention.

19. Each asserted claim in the patent-in-suit is presumed valid.

20. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

21. The specification of the patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings. *See, e.g.*, '847 patent, 1:30-2:20.

22. The patent-in-suit has over 100 forward citations, which is indicative of the value and importance of the inventions claimed in the patent-in-suit.

## COUNT I
### (Infringement of U.S. Patent No. 9,696,847)

23. Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

25. Plaintiff is the owner of the '847 patent with all substantial rights to the '847 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

26. The '847 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

27. Defendant has, and continues to, infringe one or more claims of the '847 patent in this judicial district and elsewhere in Texas and the United States.

28. On information and belief, Defendant has, and continues to, either by itself or via an agent, infringe at least claim 13 of the '847 patent by, among other things, practicing the method of claim 13 via at least its testing of the pattern lock feature in its smartphones with Pattern Lock functionality ("the Accused Products").

29. Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '847 patent.

30. Defendant is liable for these infringements of the '847 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

31. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '847 patent by inducing direct infringement by end users of the Accused Products.

32. Defendant has had knowledge of the '847 patent since at least as December 23, 2019, when Defendant was notified via email of the '847 patent and its infringement of the '847 patent. Specifically, on December 23, 2019, Plaintiff's licensing agent sent Defendant a detailed claim chart, like the one attached hereto as Exhibit A, detailing Defendant's infringement of the '847 patent.

33. On information and belief, despite having knowledge of the '847 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '847 patent, including at least claim 13, and Defendant knew or should have known that its actions were inducing infringement.

34. Defendant instructs and encourages users to use the Accused Products in a manner that infringes the '847 patent. For example, Defendant's user guides for its phones provide end users detailed instructions on how to use the Pattern Lock technology in the Accused Products. In addition, Defendant's website includes support articles with detailed instructions on how to use the Pattern Lock technology in the Accused Products.

35. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '847 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

36. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (Willful Infringement)

37. Plaintiff incorporates paragraphs 1 through 36 herein by reference.

38. Prior to the filing of this action Defendant was aware of the '847 patent.

39. On December 23, 2019, Plaintiff's licensing agent sent Defendant a detailed claim chart, like the one attached hereto as Exhibit A, detailing Defendant's infringement of the '847 patent.

40. Defendant has been, or should have been, aware of its infringement of the '847 patent since at least its receipt and review of the December 23, 2019 communication.

41. On information and belief, despite being aware of the '847 patent and its infringement of the '847 patent, Defendant has not changed or otherwise altered the Accused

Products or its practices in an effort to avoid infringing the '847 patent. Indeed, Defendant has not even responded to the December 23, 2019 communication informing it of its infringements.

42.     Rather, despite having notice of the '847 patent, Defendant has, and continues to, infringe the '847 patent, directly and/or indirectly, in complete disregard to Plaintiff's patent rights.

43.     Defendant has acted recklessly and/or egregiously, and continues to willfully, wantonly, and deliberately engage in acts of infringement of the '847 patent, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a.  Judgment that one or more claims of the '847 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.  Judgment that one or more claims of the '847 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c.  Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d.  Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

e.  That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

  f.  Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

  g.  Plaintiff seeks preliminary and permanent injunctions as a result of Defendant's infringement of the '847 patent. Plaintiff is likely to succeed in showing that Defendant infringes the '847 patent. Because of that infringement, Plaintiff has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. For example, if Plaintiff must enforce a judgment against Defendant in China, Plaintiff will face a historically challenging burden in persuading a Chinese court to enforce a judgment from a U.S. court, likely preventing Plaintiff from obtaining any monetary damages from Defendant. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted; and the public interest would not be disserved by a permanent or preliminary injunction; and

  h.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 16, 2020

Respectfully submitted,

/s/ *Jonathan H. Rastegar*
Jonathan H. Rastegar
Texas Bar No. 24064043
T. William Kennedy Jr.
Texas Bar No. 24055771

**BRAGALONE CONROY PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
jrastegar@bcpc-law.com
bkennedy@bcpc-law.com

Attorneys for Plaintiff
**TACTUS TECHNOLOGIES, LLC**